**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|   |   |   |
|---|---|---|
| | : | **Case No. 1:03-CV-17000** |
| | : | |
| | : | **(MDL Docket No. 1535)** |
| **IN RE: WELDING ROD PRODUCTS** | : | |
| **LIABILITY LITIGATION** | : | **JUDGE O'MALLEY** |
| | : | |
| | : | <u>**ORDER**</u> |
| | : | |

(This Order applies to "Welding Rod" cases <u>filed in other courts and then transferred to this Court</u>).

Beginning in early 2003, a number of plaintiffs around the country began filing lawsuits against various manufacturers, suppliers, and distributors of welding rod products, as well as related trade associations. The common theme of these lawsuits was that exposure to fumes given off by these welding rods caused physical harm to the plaintiffs, and the defendants knew or should have known that use of the welding rods caused these injuries.

The plaintiffs in one of these cases filed a motion with the Federal Judicial Panel on Multi-District Litigation ("MDL Panel"), seeking to consolidate and centralize all related federal lawsuits, pursuant to 28 U.S.C. §1407. MDL docket no. 1535. On June 23, 2003, the MDL Panel granted the motion, consolidating and transferring all related pending federal litigation to the Northern District of Ohio and assigning oversight of the MDL proceedings to the undersigned.

A review of the lawsuits that were filed in other fora and then transferred to this Court reveals that, in many instances, a number of unrelated individuals were joined as parties-plaintiff, even though their joinder is not authorized by the Federal Rules of Civil Procedure. The Court finds that, in all such cases, the plaintiffs

must be severed from one another, to comport with both the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, the Court hereby **ORDERS** as follows. The complaint of each individual plaintiff in each of the "multi-plaintiff" Welding Rod cases shall be **SEVERED**, pursuant to Fed. R. Civ. P. 21, thereby creating an individual case on behalf of each such plaintiff.[1] The Court does not intend for this severance to have any substantive effect on these cases. The Court directs the Clerk of the Court and each such new plaintiff to adopt the following procedure to implement the severance.

1. Each of the multi-plaintiff cases shall be **severed** such that each plaintiff (together with their associated derivative claimants) becomes a plaintiff in a new lawsuit, to which a new case number will be assigned. The first plaintiff named in the complaint shall remain in the original lawsuit, even if that plaintiff has earlier been dismissed or otherwise removed from the lawsuit.[2]

2. The Clerk of Court shall enter the following language on the docket of each such newly opened "Welding Rod case": "Refer to the Electronic Case Filing System for Case No. _____ (the original case number) and Case No. 03-CV-17000 for prior entries."

Plaintiffs in these new "Welding Rod cases" need not serve new process or file amended complaints to reflect severance. This Order constitutes notice of severance. In addition, the Court orders that all actions affected or created by this Order shall be treated in all respects as if they were filed on the date of the corresponding original action.

Furthermore, the Court **ORDERS** that: (1) all attorneys filing related cases in the future should **avoid**

---

[1] The exception to this rule is that a plaintiff and his or her spouse and children (and/or other associated derivative claimant) need not be severed from each other.

[2] For each new "Welding Rod case" created in this manner, the plaintiff **NEED NOT** pay a civil filing fee. Because filing fees are assessed in the original forum, the Court will not assess "additional" filing fees in these new "Welding Rod" cases, even though such fees would have been appropriate if the actions had been filed here originally.

2

**filing complaints joining unrelated individuals as parties-plaintiff**;[3] and (2) all attorneys and the Clerk of Court shall comply with the procedures discussed above, if they apply to any future-filed case.

**IT IS SO ORDERED.**

                                                                s/Kathleen M. O'Malley
                                                                **KATHLEEN McDONALD O'MALLEY**
                                                                **UNITED STATES DISTRICT JUDGE**

---

[3] This Court may, in the future, inform transferor courts if an attorney files multi-plaintiff cases and thereby avoids payment of filing fees to those transferor courts.

S:\03cv17000d-ord(sever-transfer).wpd                       3